UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: INTERDICTION OF<br>HAROLD OTIS WRIGHT | * | CIVIL ACTION |
| HAROLD ASHER, AS SUCCESSION<br>REPRESENTATIVE OF HAROLD<br>OTIS WRIGHT | * | NUMBER 06-356 |
| VERSUS | | |
| A.G. EDWARDS AND SONS, INC. | * | SECTION "L" (4) |

## ORDER AND REASONS

Pending before the Court is the Plaintiff's Motion for New Trial (Rec. Doc. 9). For the following reasons, the Plaintiff's motion is DENIED.

### I.   BACKGROUND

In April 1973, as the result of a medical accident, Harold Otis Wright was rendered permanently paralyzed and incapable of taking care of himself. In addition to his paralysis, Mr. Wright lost the ability to speak and had little mental capacity.

After numerous years of litigation resulting from his medical accident, Mr. Wright received a jury verdict of approximately $1,700,000. Since neither Mr. Wright nor Mr. Wright's wife, Audrey Wright, could work, this money was the family's entire capital estate and became the family's sole means of paying for Mr. Wright's medical bills and living expenses.

In 1982, as a result of his injuries, Mr. Wright was declared an interdict by Louisiana's Twenty-First Judicial District Court ("21st J.D.C."), and Mrs. Wright was appointed as his curatrix. As curatrix, Mrs. Wright was charged with the duties of caring for her husband's

personal and financial needs. On March 17, 1982, to provide for Mr. Wright's financial needs, the court authorized Mrs. Wright to invest Mr. Wright's estate in low risk and long-term investments. In its authorization, the court ordered that no portion of Mr. Wright's capital estate be withdrawn from any of the long-range investment accounts by any financial institution without further, specific court orders. It was further ordered that all interest income derived from the long-range investments be deposited and channeled through a Custodian Account in the Central Progressive Bank. The deposited interest income would serve as Mr. and Mrs. Wright's income and means of paying for medical bills and personal expenses.

In response to this authorization, Mrs. Wright established an account with A.G. Edwards and Sons, Inc. ("A.G. Edwards") through Edwin Reardon, an investment banker with A.G. Edwards. A certified copy of the court's order was delivered to A.G. Edwards through Mr. Reardon.

In 1993, Mr. Reardon reported that the value of Mr. Wright's account was over $1,200,000. In 1993, however, A.G. Edwards allegedly began making direct deposits from the principal of Mr. Wright's long-range investments into his Custodian Account in the Central Progressive Bank. It is further alleged that A.G. Edwards did not advise Mr. Reardon or Mrs. Wright that the direct disbursement included disbursement of the principal. Moreover, it is alleged that A.G. Edwards did not code disbursements in a way that would disclose that principal was being disbursed and, as such, the monthly account statements did not disclose that principal was being disbursed. Accordingly, these disbursements appeared as earnings from investments, not as a liquidation of the principal, which was precluded by the court's March 17, 1982 order.

In 1995, Mr. Reardon left A.G. Edwards and went to work for Morgan Stanley Dean Witter, Inc. ("Morgan Stanley").  Due to Mr. Reardon's relocation, A.G. Edwards disbursed $700,000, the entire principal amount remaining in Mr. Wright's long-range investment account, to Morgan Stanley and, thus, allegedly further violated the court's March 17th order.

On December 23, 2003, with no money remaining in Mr. Wright's Morgan Stanley account and no existing accounts with A.G. Edwards, Mrs. Wright filed a petition in the 21st J.D.C. against A.G. Edwards, Morgan Stanley, and Mr. Reardon asserting that they were liable to her for the losses to Mr. Wright's account.  This petition was filed as part of the interdiction proceeding that was commenced in 1982.  On September 23, 2003, pursuant to an arbitration clause in the account agreement between A.G. Edwards and Mrs. Wright, the court issued an order staying the action against A.G. Edwards and Morgan Stanley pending arbitration before the National Association of Securities Dealers, Inc.  The claim against Mr. Reardon was not referred to arbitration and stayed alive in the 21st J.D.C.

On December 31, 2003, Mrs. Wright initiated an arbitration demand against A.G. Edwards and Morgan Stanley for breaching various fiduciary and contractual duties and violating certain securities laws and court orders, including the March 17, 1982 order.  This arbitration proceeding is still ongoing.

On July 26, 2005, Mr. Wright died.  On November 17, 2005, Harold Asher, the succession representative of Mr. Wright's estate, filed a Motion for Contempt of Court against A.G. Edwards.  This motion was also filed as part of the interdiction proceeding that was commenced in 1982.  In the motion, Mr. Asher sought an order finding A.G. Edwards in contempt of court for violating the court's March 17, 1982 order and for an award of damages

in the amount of $1,230,000 plus judicial interest. The motion was served on A.G. Edwards on December 7, 2005.

On December 22, 2005, A.G. Edwards removed this action to the United States District Court for the Middle District of Louisiana. On January 26, 2006, due to improper venue, the action was transferred to this Court.

On January 31, 2006, the Plaintiff filed a motion to remand. The motion was set for hearing on February 15, 2006. On February 1, 2006, the Defendant filed a motion to stay and compel arbitration. This motion was set for hearing on March 1, 2006.

On February 15, 2006, the Court denied the Plaintiff's motion to remand finding that this Court had jurisdiction over the lawsuit and that A.G. Edwards had timely removed the lawsuit. In addition, the Court granted the Defendant's motion to stay and compel arbitration finding that Mrs. Wright and A.G. Edwards has entered into a valid and enforceable arbitration agreement. The Order was entered on February 22, 2006. The Plaintiff now seeks to have the Court reconsider its previous Order.

## II.     PRESENT MOTION

The Plaintiff contends that this Court should reconsider its prior Order as to the Defendant's motion to stay and compel arbitration because the Court ruled on the motion before the hearing date and, as such, failed to consider the issues raised by the Plaintiff in its opposition brief, which was filed on February 21, 2006. Furthermore, the Plaintiff contends that the Court should reconsider its prior Order as to the Plaintiff's motion to remand because the Court's Order was erroneous.

4

**III.    LAW AND ANALYSIS**

Since no trial was held in this matter, the Court will treat the Plaintiff's motion as a motion for rehearing. Moreover, since the Federal Rules of Civil Procedure do not specifically recognize a motion for rehearing, such motions are treated as either a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure or a motion for relief from judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994); *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990); Fed. R. Civ. P. 59(e), 60(b). If the motion is filed within ten days of the entry of judgment, it shall be governed by Rule 59(e); if the motion is filed after ten days of entry of judgment, it shall be governed by Rule 60(b). *Lavespere*, 910 F.2d at 173. In the present case, the Court entered its ruling on February 22, 2006. The Plaintiff's motion was filed on February 27, 2006. Accordingly, the motion was filed within ten days of entry of the Court's ruling and, as such, is subject to the standards of Rule 59(e). A motion to alter or amend judgment pursuant to Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

In regards to the Defendant's motion to stay and compel, the only new argument raised by the Plaintiff in this motion or its opposition is that article 3101 of the Louisiana Civil Code rendered the arbitration agreement between Mrs. Wright and A.G. Edwards a legal nullity.

For arbitral proceedings, article 3101 provides that interdicts cannot make a submission for arbitration. La. Civ. Code art. 3103. It further provides that curators of interdicted persons cannot make a submission without judicial authorization. *Id*. In this case, the Plaintiff asserts that the arbitration agreement was null because Mrs. Wright did not seek or receive judicial

5

approval prior to entering into a arbitration agreement on behalf of Mr. Wright.

The Plaintiff, however, has misinterpreted article 3101.  Article 3101 does not deal with arbitration agreements.  It deals with submissions.  "A submission is a covenant by which persons who have a lawsuit or difference with one another, name arbitrators to decide the matter and bind themselves reciprocally to perform what shall be arbitrated." *Id*. art. 3099.  A submission only concerns an arbitration agreement confected after a lawsuit or dispute arises. *Hansford v. Cappaert Manufactured Housing*, 911 So. 2d 901, 906 (La. App. 2 Cir. 2005).  In the present case, the arbitration agreement was confected before the lawsuit or dispute arose.  Therefore, the special authorization required by article 3101 was not required and, as such, the arbitration agreement is valid.

In regards to the Plaintiff's motion to remand, the Plaintiff does not make any additional arguments.  Instead, the Plaintiff again focuses the Court on article 3611 of the Louisiana Code of Civil Procedure.  Article 3611 provides:

> Disobedience of or resistance to a temporary restraining order or preliminary or final injunction is punishable as a contempt of court.  The court may cause to be undone or destroyed whatever may be done in violation of an injunction, and the person aggrieved thereby may recover the damages sustained as a result of the violation.

La. Code Civ. Proc. 3611.  The Plaintiff contends that this article allows him to recover the entirety of the money that A.G. Edwards allegedly mishandled, rather than the limited amount provided for under La. R.S. § 13:4611(1).

The Plaintiff, however, has misinterpreted article 3611.  Article 3611 only applies to injunction proceedings.  *Id*. arts. 3601-13.  It does not apply to interdiction proceedings.  *Id*. arts. 4541-69.  As such, it has no bearing on the instant matter.

Lastly, the Plaintiff again urges that A.G. Edwards' notice of removal was untimely.

6

Sometime prior to March 17, 1982, Mr. Wright was declared an interdict by the 21st J.D.C.  On March 17, 1982, the court gave Mrs. Wright permission to invest money on Mr. Wright's behalf. As part of the March 17, 1982 order, the court ordered that no portion of Mr. Wright's capital estate be withdrawn from any long-range investment accounts by any financial institution without further, specific court orders.  On December 23, 2003, Mrs. Wright initiated a petition for damages for breach of contract and fiduciary duty against A.G. Edwards, Morgan Stanley, and Mr. Reardon in the 21st J.D.C.  The December 23, 2005 petition had the same docket number as the interdiction proceeding and was filed as part of the same proceeding.

The Plaintiff contends that the present motion for contempt is part of the December 23, 2003 petition for damages and, as such, cannot be removed because such removal is untimely under 28 U.S.C. § 1446(b).  The Court once again finds that the Plaintiff's motion for contempt is a disguised petition for damages.  In such instances, A.G. Edwards had thirty days to remove the action from the date of its filing.  A.G. Edwards complied with these deadlines.  Therefore, removal was proper.  Moreover, the Court fails to see how the motion for contempt would be part of the December 23, 2003 petition proceeding and not part of the original interdiction proceeding from which the March 17, 1982 order originated.

Considering that the Court did not commit a manifest error and no new evidence was discovered, the Court has no basis for granting the Plaintiff's motion.  The Court acknowledges that the underlying injuries to Mr. Wright and the current financial situation that has developed are terrible tragedies.  Notwithstanding the Plaintiff's vigorous efforts to rectify this financial atrocity, neither this Court nor the 21st J.D.C. are the appropriate forum for the present action. Instead, pursuant to the parties' agreement, this action belongs in arbitration, where it is

currently pending.

**IV.    CONCLUSION**

    For the foregoing reasons, the Plaintiff's Motion for a New Trial is DENIED.

    New Orleans, Louisiana, this ___21st___ day of __April__, 2006.

                                                UNITED STATES DISTRICT JUDGE