UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: INTERDICTION OF<br>HAROLD OTIS WRIGHT | * | CIVIL ACTION |
| HAROLD ASHER, AS SUCCESSION<br>REPRESENTATIVE OF HAROLD<br>OTIS WRIGHT | * | NUMBER: 06-0356 |
| VERSUS | | |
| A.G. EDWARDS AND SONS, INC. | * | SECTION "L" (4) |

## ORDER & REASONS

Before the Court is the Plaintiff's Motion to Modify Arbitration Award and Renewed Motion for Contempt of Court (Rec. Doc. 26). The Court heard oral argument and took this motion under submission. For the following reasons, the Plaintiff's motion is now DENIED.

**I.    BACKGROUND**

The unfortunate facts of this case are detailed in the Court's Orders and Reasons dated February 22, 2006 and April 24, 2006. *See* Rec. Docs. 8 & 16.[1] Rather than recount this history, the Court will only discuss the facts that are relevant to the present motion.

On February 22, 2006, the Court granted A.G. Edwards and Sons, Inc.'s ("A.G. Edwards") Motion to Stay and Compel Arbitration. On July 31, 2006, a National Association of Securities Dealers, Inc. ("NASD") arbitration panel held that A.G. Edwards "is liable and shall pay to [the Plaintiff] compensatory damages in the amount of $150,000.00, plus interest at the

---

[1] Since that time, the state-court action against Mr. Reardon has been resolved. Mr. Reardon stipulated to a judgment in which the court found him in contempt for violating its order by dispensing principal and awarded the Plaintiff $1,078,217.17 plus judicial interest. However, on stipulation, the court ordered that Mr. Reardon could satisfy this judgment by paying $100,000 in four annual installments of $25,000.

1

Louisiana legal rate of interest accruing from December 31, 2003 until the date of payment of the Award." Although the panel did not issue reasons for the specific monetary award, it did state that "[a]ny and all claims for relief not specifically addressed herein, including Claimants' requests for punitive damages and attorneys' fees, are denied."

## II.    PRESENT MOTION

The Plaintiff returns to this Court and now moves to modify the panel's award, arguing that the arbitration panel made an obvious mathematical miscalculation. Specifically, the Plaintiff argues that the panel miscalculated damages by $380,719.25, and that the correct award should have been $530,719.25, the amount improperly distributed by A.G. Edwards between 1993 and 1995. The Plaintiff also renews his motion for contempt that this Court referred to arbitration, arguing that the panel did not rule on the motion.

## III.   LAW AND ANALYSIS

### A.    Miscalculation of Damages

When reviewing an arbitration award, the Court "will defer to the arbitrators' resolution of the dispute whenever possible. The Congressional policy of promoting arbitration requires that courts do not intrude unnecessarily into questions that have been settled by an arbitration process agreed to by the parties, lest the efficiency of the arbitration process be lost." *Anderman/Smith Operating Co. v. Tenn. Gas Pipeline Co.*, 918 F.2d 1215, 1218 (5th Cir. 1990), *cert. denied*, 501 U.S. 1206 (1991). Under the Federal Arbitration Act, the Court may issue "an order modifying or correcting the award . . . [w]here there was an evident material miscalculation of figures . . . in the award." 9 U.S.C. § 11. An evident material miscalculation occurs "where the record that was before the arbitrator demonstrates an unambiguous and undisputed mistake of fact and the record demonstrates strong reliance on that mistake by the arbitrator in making his award." *Prestige Ford v. Ford Dealer Computer Servs., Inc.*, 324 F.3d

391, 396 (5th Cir. 2003) (internal citation omitted).

In this case, it is not evident that the arbitration panel made a material miscalculation. While the panel's reasoning is not provided, "[a]rbitrators need not provide reasons for their award. If the award is rationally inferable from the facts before the arbitrator, [the Court] must affirm the award." *Valentine Sugars, Inc. v. Donau Corp.*, 981 F.2d 210, 214 (5th Cir. 1993) (internal citation omitted). Here, the panel considered the pleadings, testimony, and evidence presented, and awarded $150,000.00 in compensatory damages.

The Court finds that this award is rationally inferable from the record before the panel. Simply because the panel's award is less than the amount sought by the Plaintiff does not mean that a material miscalculation has occurred. The panel could have determined that the Plaintiff had not in fact suffered $530,719.25 in damages, given that the principal, while improperly distributed by A.G. Edwards, was nevertheless distributed to the right party. The panel could have awarded $150,000.00 as an approximation of the interest that could have been earned on the improperly distributed principal in the relevant time period, plus a penalty for the early distribution. Moreover, the record does not indicate any unambiguous or undisputed mistake of fact upon which the panel relied. *See Prestige Ford*, 324 F.3d at 396. Accordingly, the Court has no choice except to decline to modify the panel's award.

      B.     **Renewed Motion for Contempt**

The Plaintiff has renewed his Motion for Contempt of Court against A.G. Edwards. However, the Court has already ruled on this issue, finding that the motion for contempt was a disguised petition for damages which was subject to arbitration. The Plaintiff argues that the panel did not consider his motion for contempt. However, the panel noted that "any and all claims for relief not specifically addressed herein . . . are denied." Thus, although the panel did not specifically address the motion for contempt, its decision clearly encompasses the motion for

contempt.

## IV.   CONCLUSION

For the forgoing reasons, the Plaintiff's Motion to Modify Arbitration Award and Renewed Motion for Contempt of Court is DENIED.


New Orleans, Louisiana, this __13th__ day of __February__, 2007

                                                            UNITED STATES DISTRICT JUDGE